UNITED STATES DISTRICT COURT
SOUTHIMN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES H. BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-252-WGH-WTL |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties= consents and an Order of Reference entered December 7, 2012. (Docket No. 15). Charles H. Burgess ("Burgess") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), which found him not disabled and not entitled to disability insurance benefits under the Social Security Act. 42 U.S.C. § 301 *et seq.* For the reasons stated below, the Commissioner's decision must be **AFFIRMED**.

**I.    Background**

  **A. Procedural History**

Burgess, then 42 years old and with a "limited" education (R. 26), applied for Disability Insurance Benefits and Social Security Income on December 3,

2008, alleging a disability onset date of July 10, 2008. (R. 150.)[1] His applications were denied initially and upon reconsideration. (R. 81-84, 90-96.) On September 15, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Burgess and a vocational expert testified. On June 10, 2011, the ALJ issued an opinion finding that Burgess was not disabled. (R. 27). The Appeals Council denied Burgess's request for review (R. 7-12), making the ALJ's decision the Commissioner's final decision. 20 C.F.R. §§ 404.955(a), 404.981. As a final decision, jurisdiction is proper in this court. 42 U.S.C. § 405(g).

### B. ALJ Findings

The ALJ's decision included the following findings: (1) Burgess had not engaged in substantial gainful activity since the alleged disability onset date (R. 18); (2) he had the following severe impairments: right knee osteoarthritis status post total knee replacement; degenerative changes in the lumbar spine with no significant evidence of progression; and obesity (R. 18-21); (3) none of the severe impairments met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1 listings" or "listings") (R. 21); (4) Burgess had the residual functional capacity ("RFC") to perform light work with the following limitations: he could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; he had the capacity to stand and walk 6 hours and sit 6 hours in an 8 hour workday; he could frequently

---

[1] Burgess had previously been found disabled and received Supplemental Security Income ("SSI") for a closed period between February 16, 2005, and January 1, 2007. (R. 16). However, the ALJ notes that Burgess had reported improvement since that period, and the record reflects that he performed an industrial maintenance job until July 2008. (R. 22, 47, 226).

2

stoop and crouch, occasionally climb stairs and ramps, and less than occasionally kneel and crawl; he had the capacity to understand, remember, and carry out simple, routine tasks; and he could appropriately interact with other people, identify and avoid normal workplace hazards, and adapt to routine changes in the workplace (R. 22-25); (5) he could not perform his past relevant work as a janitor or painter (R. 25-26); and (6) given Burgess's age, education, work experience, and RFC, there existed jobs in significant numbers in the national economy that he could perform. (R. 26-27). Based on these findings, the ALJ concluded Burgess was not disabled.

## II.   Legal Standards

In order to qualify for disability benefits, Burgess must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant

numbers in the national economy.  20 C.F.R. § 404.1520(a)(4).  The burden of proof is on Burgess for steps one through four; only after Burgess has met his evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); see also *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

### III.  Statement of Medical Evidence

The court finds that the Defendant's Memorandum in Support of the Commissioner's Decision ("Def's Memo") accurately summarizes the relevant medical evidence and incorporates the sections by reference.  (Def's Memo 3-6).

### IV.  Discussion

Burgess raises the following issues on appeal:  (1) the ALJ improperly assessed his RFC by failing to account for all of his limitations; (2) the ALJ failed to properly assess Burgess's subjective complaints of pain and did not include pain limitations in the RFC assessment; and (3) the ALJ violated Social Security Ruling ("SSR") 02-1p by failing to determine the effect of Burgess's obesity on work ability.

4

### A. Accounting for Limitations

#### 1. Physical Limitations

Burgess argues that the ALJ committed reversible error in her RFC evaluation by opining that Burgess had postural and mental limitations but failing to list them. The ALJ listed Burgess's postural and mental limitations in the first body paragraph (R. 22), although she failed to list them in bold type. The court therefore summarily rejects this argument.

Burgess also argues that due to his chronic back, hip, and knee pain, degenerative disc disease, use of a rail when climbing stairs and walker or cane when walking, and limits on standing and walking (R. 305, 423, 516, 845, 862, 866), the ALJ improperly determined that he was capable of performing light work. (R. 22). The Commissioner counters that the ALJ extensively discussed Burgess's testimony, "his wife's testimony, the treating physicians' progress notes, his [emergency room ("ER")] visits, his knee surgery and recovery, and the effectiveness of pain medications." (Def's Memo 9 (citing R. 23-25)).

The ALJ assigned some weight to one of Burgess's treating physicians, Dr. Kurt R.E. Madsen, who cleared him to work and assessed only five percent impairment in his arm. (R. 458). The ALJ noted that Dr. Madsen issued his opinion on July 10, 2008, the alleged disability onset date. (R. 25). The ALJ assigned little weight to opinions by Disability Determination Services ("DDS") physicians Drs. Joseph Gaddy and D. Neal; each concluded that Burgess was only capable of sedentary work. (R. 850, 878). However, the ALJ incorporated Dr. Gaddy's opined limitations on sitting and climbing and assigned more

5

restrictive limitations on kneeling and crawling than did Dr. Gaddy. (R. 850-51). She assigned little weight to the opinion of Dr. John B. Meding, Burgess's surgeon, that Burgess could only walk short distances or stand for a short period of time without requiring an assistive device. (R. 25, 866). The ALJ discounted this opinion as being inconsistent with Dr. Meding's previous and contemporaneous treatment notes, in which he opined Burgess had good range of motion in his knee. (R. 865, 867). Finally, while he did not mention the doctors by name, the ALJ discussed Burgess's "consistently normal findings" with Dr. Nedu Gopala, his pain management physician from May 2009 until June 2010 (R. 23, 1011-32), and Burgess's report to Dr. Irving Haber that medication improved 70% of his symptoms with no side effects. (R. 24, 840). This constitutes substantial evidence upon which she could base her RFC, and Burgess does not challenge the accuracy of the evidence or the weight given.

Burgess further argues that the ALJ erred by using his descriptions of daily activities to conclude that he was capable of performing light work. (Plaintiff's Reply 2-3). In its memorandum, the Commissioner claimed that "the ALJ relied heavily on Plaintiff's own description of his physical activities . . . [and] explained that Plaintiff's own contemporaneous statements to doctors were more persuasive than the state agency medical opinions, which concluded Plaintiff could only do sedentary work." (Def's Memo 11 (citations omitted)).

Burgess's argument raises two issues. First, the Seventh Circuit has sharply and repeatedly criticized ALJs for equating the ability to do household chores with the ability to perform full-time work. *See, e.g.*, *Hughes v. Astrue*,

6

705 F.3d 276, 278 (7th Cir. 2013); *Carradine v. Barnhart*, 360 F.3d 751, 755-56 (7th Cir. 2004). Second, it does not appear the ALJ actually used Burgess's statements of daily living to conclude that he was capable of light work. Rather, the ALJ's discussion of Burgess's activities centered on Burgess's statements to emergency room physicians that he engaged in physical activities such as lifting tree limbs and other heavy objects, water skiing, jumping on a trampoline, and removing a camper shell. (R. 24 (citing R. 902, 930, 937, 943)). The ALJ concluded from this evidence that his "reported activities . . . are inconsistent with his allegations of very limited activities of daily living." (R. 24). The ALJ evaluated Burgess's statements of daily living to assess his credibility about the persistence and debilitating effect of the pain. (R. 24-25). Despite claiming the "wide range of strenuous physical activities" supported the ALJ's RFC determination (Def's Memo 11), the ALJ did not appear to factor those activities into her RFC determination. The Commissioner is barred by the *Chenery* doctrine from making that argument now. *Hughes*, 705 F.3d at 279 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943)).

    The ALJ does not appear to have relied on daily activities to conclude that Burgess was capable of light work, and thus she did not err. Since substantial evidence supports her determination, the court affirms the ALJ's physical limitations in her RFC determination.

### 2. Mental Limitations

Burgess also claims that the ALJ violated SSR 85-15, 85-16, and 96-8p by failing to list his specific mental limitations. (Plaintiff's Brief 11-12). However, the ALJ noted that Burgess complained of depression and clearly limited him to having "the capacity to understand, remember, and carry out simple, routine tasks." (R. 22). She also found that Burgess could interact with other people normally and respond normally to changes in a routine work setting. (R. 22). The ALJ discussed the areas required under SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985), and in doing so, she articulated specific findings on Burgess's mental impairments, as required by SSR 96-8p, 1996 WL 374184, at *6 (Jul. 2, 1996). These restrictions align with the mild and non-severe mental limitations found by DDS consulting psychologist Dr. J. Gange (R. 883, 893), an opinion to which the ALJ assigned significant weight. (R. 25). Dr. Gange's opinion constitutes substantial evidence upon which the ALJ could rely in assessing mental limitations.

Burgess notes that even if mental impairments are not severe enough to equal an Appendix 1 listing, the ALJ still must analyze whether a claimant is mentally capable of performing activities critical to work performance. SSR 85-16, 1985 WL 56855, at *1 (Jan. 1, 1985). However, beyond the erroneous argument that the ALJ failed to specifically discuss Burgess's mental limitations, Burgess does not show how the ALJ's analysis was deficient. Moreover, Burgess has not shown what evidence supports a more restrictive mental RFC, and therefore has not demonstrated the harm required for

remand. *Shinseki v. Sanders*, 556 U.S. 396, 409-11, 129 S. Ct. 1696, 173 L. Ed. 2d 532. The court therefore affirms the mental component of the ALJ's RFC determination.

### B. Assessment of Burgess's Complaints about Pain

Determining the claimant's credibility component in the RFC determination is a two-step process. First, the ALJ must determine whether underlying "physical or mental impairments could reasonably be expected to produce the symptoms." SSR 96-7p, 1996 WL 374186, at *1 (Jul. 2, 1996). Second, the ALJ must evaluate the "intensity, persistence, and functionality limiting effects of the symptoms" to determine whether a claimant can do basic work activities. *Id*.

The ALJ concluded that Burgess's impairments "could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not persuasive to the extent they are inconsistent with the above residual functional capacity assessment."[2] (R. 23)

Burgess argues that this assessment was in error, since his allegations of chronic back pain are supported by diagnoses of Failed Back Syndrome and Reflex Sympathetic Dystrophy. (R. 489, 865). These diagnoses are consistent

---

[2] The court notes that this language has been criticized as being meaningless boilerplate and inverting the analytical process. *See Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). However, this boilerplate language is not fatal, so long as the ALJ's reasoning is adequately explained. *Richison v. Astrue*, 462 Fed. App'x 622, 625-26 (7th Cir. 2012). While Burgess does not object to the ALJ's RFC assessment on these grounds, the court reviews the ALJ's assessment in light of the Seventh Circuit's recent rulings.

with his complaints of back and knee pain, even after knee replacement surgery. (R. 308, 311-13). Also, his reports of severe, chronic pain are corroborated by objective reports of physical therapy participation and intensive pain medication. (R. 489, 515, 528, 585, 866). Burgess claims that this support for his statements of symptom intensity is sufficient to support a finding of disability. (Plaintiff's Brief 12-13 (citing *Carradine*, 360 F.3d at 753)).

The ALJ is in a unique position to assess the claimant's veracity and forthrightness, and her credibility findings about claimants are entitled to special deference. *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008). As long as the ALJ builds a logical bridge between the evidence and his conclusion, *Nelson v. Apfel*, 131 F.3d 1228, 1237-38 (7th Cir. 1997), and the finding is not "patently wrong," *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir.1994), a reviewing court should not disturb this finding.

Burgess's argument fails for two reasons. First, the ALJ discussed Burgess's self-reports of back pain to doctors (R. 23); in fact, it was the subject of much of his ALJ hearing (R. 47-48, 51). As noted *supra*, the ALJ also evaluated Burgess's subjective statements of debilitating pain against his description of activities made to ER physicians. She reasonably concluded that his pain could not have been as intense as he alleged, or else he could not have engaged in such strenuous physical activity.

The ALJ noted that an October 2009 spine MRI showed no change from September 2007, which undermined Burgess's statements that his pain was worsening. (R. 23, 992). The ALJ discussed how his medication reduced his

pain by 70%, with no side effects. (R. 24, 840). He walked for exercise at the gym, jumped on a trampoline, and at times walked out of the ER under his own strength. This contradicted his claim that he could barely walk. (R. 24, 840). Finally, his reports of ongoing knee pain were contradicted by objective examination records, which found that the knee replacement surgery was successful. (R. 23-24, 538, 809, 826, 1012). The internal and external consistency of a claimant's statements is a strong indicator of his credibility. SSR 96-7p, 1996 WL 374186, at *5 (Jul. 2, 1996). Burgess's statements lacked either, and the ALJ's discounting of Burgess's statements was reasonable. *See, e.g.*, *Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010).

Burgess correctly notes that subjective statements of pain must be evaluated in determining whether a claimant is disabled, 20 C.F.R. § 416.929(a), and the ALJ must recognize that common impairments may produce highly individualized symptoms. SSR 96-7p, 1996 WL 374186, at *3 (Jul. 2, 1996). However, he fails to explain how the ALJ failed to do either of these. It is clear the ALJ built a logical bridge from substantial record evidence to her credibility conclusion. *See Shideler v. Astrue*, 688 F.306, 312 (7th Cir. 2012). Thus, the ALJ's use of boilerplate language, while subject to appellate criticism, is harmless. *Richison*, 462 Fed App'x at 625-26.

Second, in arguing that "the ALJ should have found that Plaintiff's pain limits his ability to perform work-related activities" (Plaintiff's Brief 14), Burgess misstates his burden of proof on appeal. It is not enough to suggest that a different, even more accurate, weighing of the evidence supports a

11

finding that Burgess should have a more restrictive RFC or that he is incapable of performing substantial gainful activity. The test is whether substantial evidence supported the ALJ's findings. Since we conclude substantial evidence supported both the ALJ's RFC determination and credibility assessment, we affirm both findings.

### C. Whether the ALJ properly accounted for Burgess's obesity

SSR 02-1p requires that when a claimant is obese, as Burgess is (R. 311, 850), the ALJ must consider how his obesity may exacerbate other impairments. This includes musculoskeletal, 20 C.F.R. Part 404 Subpart P Appendix 1 Listing 1.00(Q); respiratory, *id.* at Listing 3.00(I); or cardiac impairments, i*d.* at Listing 4.00(F). At step three, the ALJ evaluated whether Burgess met or equaled the listings for: major dysfunction of a joint(s), *id.* at Listing 1.02; "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint", *id.* at Listing 1.03; and spinal disorders, *id.* at Listing 1.04. (R. 21). The ALJ noted that, although there is no Appendix 1 listing for obesity, she "fully considered obesity in the context of the overall record evidence in making this decision." (R. 21). Burgess argues that the ALJ's statement is conclusory and does not show how she considered the cumulative effects of obesity on his arthritis, knee pain, and back pain—all of which were part of the severe impairments the ALJ found at step two. (R. 18). Therefore, Burgess argues, the ALJ's failure to specifically consider how his obesity may have exacerbated his musculoskeletal impairments constitutes reversible error.

12

(Plaintiff's Brief 15 (citing *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004)).

The Commissioner rejoins that remand is inappropriate for several reasons. First, by finding obesity to be a severe impairment at step two and extensively evaluating whether Burgess met Listings 1.02, 1.03, or 1.04 (R. 18, 21), the ALJ adequately discussed the effects of obesity. SSR 02-1p, 2000 WL 628049, at *5-6 (Sept. 12, 2002). Second, Burgess had not previously alleged that his obesity caused or contributed to any functional limitations; courts have found that failure to raise this at the administrative level means it cannot be remanded on that ground if it does not affect the case. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Third, the ALJ evaluated the opinions of Drs. Khan and Gaddy (R. 24-25), who noted that Burgess was obese[3] but did not opine any obesity-related limitations (R. 834, 850). This constituted substantial evidence to conclude obesity did not exacerbate his symptoms to the point where he met or equaled an Appendix 1 listing, and renders any failure to mention obesity's limiting effects harmless. *Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir. 2006); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Finally, by failing to allege how obesity limited his ability to work, Burgess has not shown the harm required for remand. (Def's Memo 22 (citing *Shinseki*, 556 U.S. at 409-11)).

The Seventh Circuit has not held that failure to raise obesity as a limiting factor at the administrative level constitutes waiver of the issue on appeal. The

---

[3] Dr. Khan noted that Burgess was 70 inches tall and weighs 268 pounds. (R. 834).

court also notes that while the ALJ evaluated the opinions of Drs. Khan and Gaddy, she assigned little weight to Dr. Gaddy's opinion that Burgess was limited to sedentary work (R. 25) and did not assign specific weight to Dr. Khan's.  However, the ALJ conducted an extensive evaluation of whether Burgess met Appendix 1 Listings 1.02, 1.03, and 1.04, followed immediately by her affirmation that the ALJ considered Burgess's obesity in her opinion.  (R. 21).  The court finds that this constituted adequate discussion of obesity. Moreover, Burgess does not point to any record evidence that shows how his obesity may have exacerbated his arthritis, back pain, or neck pain; he also fails to allege how his obesity limited his ability to work.  In other words, Burgess has failed to show how he was harmed by any failure on the part of the ALJ to discuss obesity more fully.  Absent such a showing, the court must affirm the ALJ's determination.

V. **Conclusion**

For the foregoing reasons, the Court **AFFIRMS** the ALJ's decision denying Mr. Burgess's benefits.  Judgment shall now issue accordingly.

**SO ORDERED** the 15th day of April, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic Distribution to ECF-registered counsel of record.**